UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JENNIFER PUCCIO, | Case No. 6:25-cv-00115-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| OREGON CASCADES WEST COUNCIL OF GOVERNMENTS, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiff Jennifer Puccio ("Plaintiff") brought this action against her former employer, Oregon Cascades West Council of Governments ("Defendant"), alleging violations of federal and state employment and discrimination laws. Compl. 12-21, ECF No. 1. Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 10). For the reasons below, Defendant's motion is DENIED.

## BACKGROUND

In August 2019, Plaintiff started work for Defendant as a Clerical Support Specialist. Compl. ¶ 9. Initially, she worked onsite in Albany, Oregon, for two four-hour periods per month and otherwise teleworked from home. Compl. ¶¶ 11-12. In March 2020, Plaintiff provided Defendant with medical documentation of her permanent autoimmune conditions and two learning disabilities. Compl. ¶ 10.

In February 2023, after a series of reviews and renewals of Plaintiff's ability to telework, Defendant revoked all telework for Plaintiff and her cohort, subject to review by their supervisor. Compl. ¶¶ 12-17. Shortly thereafter, Plaintiff met with her supervisor, her union steward, and Defendant's Human Resources Manager. Compl. ¶ 18. She requested telework and disclosed a surgical wound requiring weekly medical care near her home. Compl. ¶ 18. Defendant denied her telework request, requiring Plaintiff to work onsite in Albany and commute to her wound care appointments in Springfield, Oregon. Compl. ¶ 18. In March 2023, Plaintiff provided completed ADA accommodation forms to Defendant's HR Manager and HR Specialist. Compl. ¶ 19. Later that month, Plaintiff again requested an accommodation to telework all but eight hours a month. Compl. ¶ 31. Defendant, citing Plaintiff's job duty to scan mail, required Plaintiff to come in eight hours per week. *Id.*

Plaintiff and Defendant continued to meet to address Plaintiff's accommodation requests and draft accommodation letters between March 2023 and November 2023. Compl. ¶¶ 32-46. Plaintiff then had a one-on-one meeting with her supervisor in which her supervisor accused her of insubordination. Compl. ¶ 47. Defendant placed Plaintiff on administrative leave on November 30, 2023. Compl. ¶ 50. On May 17, 2024, Defendant terminated Plaintiff's employment, citing insubordination and outbursts of temper towards other employees. Compl. ¶ 51. Later that month, Plaintiff's union filed a grievance on her behalf, disputing whether she was terminated for just cause as required by the parties' collective bargaining agreement ("CBA"). Schulze Decl. Ex. 6 at 1, ECF No. 10.

Plaintiff brought this action on January 22, 2025, seeking damages and equitable relief. Compl. 21-22. She alleges that how Defendant treated her, handled her accommodation and leave requests, and terminated her employment amount to discrimination based on her disability.

Compl. 12-21. Plaintiff also alleges that Defendant violated the American with Disabilities Act ("ADA"), the Oregon Rehabilitation Act, the Family and Medical Leave Act, and the Oregon Family Leave Act and that Defendant wrongfully terminated her. Compl. 12-21.

## STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks and citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013). A factual

attack on the plaintiff's assertion of jurisdiction "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (citation omitted); *see also Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012). A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation omitted).

## DISCUSSION

Defendant moves to dismiss on grounds that this Court lacks jurisdiction because the (1) Oregon Employment Relations Board ("ERB") has exclusive jurisdiction over Plaintiff's claims and (2) Plaintiff did not file a timely tort claim notice with respect to her state claims.

**I.    Whether ERB Has Exclusive Jurisdiction Over Plaintiff's Claims.**

Oregon's Public Employee Collective Bargaining Act (PECBA) applies to disputes between public bodies, like special districts, and their employees. ORS 243.650(20). Defendant is a special district, so it is a public body under PECBA. Schulze Decl. ¶ 3.

PECBA defines certain employment actions as prohibited unfair labor practices, including an employer's breach of a CBA. ORS 243.672(1)(g); *Or. Sch. Emps. Ass'n v. Ranier Sch. Dist. No. 13*, 311 Or. 188, 194 (1991). PECBA gives ERB "exclusive jurisdiction to determine whether an unfair labor practice has been committed." *Ahern v. Or. Pub. Emps. Union*, 329 Or. 428, 434-35 (1999). Under Oregon law, a trial court lacks jurisdiction if its decision could conflict with a finding by ERB, creating a "danger of inconsistent rulings." *Id.* at 436.

A plaintiff cannot avoid ERB's exclusive jurisdiction by simply omitting facial allegations of an unfair labor practice: "a court must consider the nature of the matter, not the label that a party has placed on it." *Id.* (holding that tort and state constitutional claims were

within ERB's exclusive jurisdiction because the "gravamen of plaintiff's complaint" was that the defendant committed an unfair labor practice). But where a claim presents no indirect allegations of an unlawful labor practice or does not depend, as a predicate, on any determination to be made by the ERB, the court may hear the claim. *Black v. Coos County*, 288 Or. App. 25, 35-36 (2017). Put another way, "if resolving the complaint does not require determining whether an unfair labor practice has occurred" there is no danger of inconsistent rulings, and the court may hear the claim. *Eagle Point Educ. Ass'n v. Jackson Cnty. Sch. Dist. No. 9*, 880 F.3d 1097, 1108 (9th Cir. 2018). The Court must then consider whether the gravamen of Plaintiff's complaint rests on an ERB determination.

Defendant argues that this case is like other Oregon cases dismissing complaints because they fell under the exclusive jurisdiction of ERB. *See, e.g.*, *Ahern*, 329 Or. 428; *George-Buckley v. Medford Sch. Dist. 549C*, 318 Or. App. 821 (2022). Defendant's argument is misplaced.

In *Ahern*, the Oregon Supreme Court addressed whether a plaintiff could avoid ERB's jurisdiction "to determine whether an unfair labor practice has been committed by alleging the unfair labor practice . . . as an *element* of his tort claim." 329 Or. at 433 (emphasis added). The plaintiff in *Ahern* alleged that a union intentionally interfered with his economic relations by engaging in picketing activities (an unfair labor practice under Oregon law). *Id.* at 436. Because adjudicating the claim would require the court to decide whether an unfair labor practice occurred, the claim was within the exclusive jurisdiction of ERB. *Id.*

Claims that, at their core, allege a breach of a collective bargaining agreement are also within the exclusive jurisdiction of ERB. *George-Buckley*, 318 Or. App. at 834-35. In *George-Buckley*, the plaintiff alleged breach of contract claims because she performed the work of a teacher but was compensated only as an educational assistant. *Id.* at 824. The plaintiff's

Page 5 — OPINION AND ORDER

allegations rested on her job description and duties set out in the CBA. *Id.* at 834. Because breach of a CBA is an unfair labor practice, plaintiff's claims, in their entirety, fell within the exclusive jurisdiction of ERB. *Id.* at 833-35.

        1.      <u>Plaintiff's State Law Claims</u>

Plaintiff's state law claims and their elements, unlike the claims in *Ahern* and *George-Buckley*, do not rest on an unfair labor practice or any provision of the CBA. Plaintiff alleges three state law causes of action against Defendant: (1) violations of the Oregon Rehabilitation Act (ORS 659A.103 *et seq*), (2) violations of the Oregon Family Leave Act (ORS 659A.150 *et seq*), and (3) common law wrongful discharge. Defendant argues that these claims are premised on claims of unfair labor practices through a breach of the parties' CBA and are therefore within the exclusive jurisdiction of ERB.

The elements of Plaintiff's claims do not rely on any finding to be made by ERB. Plaintiff's Oregon rehabilitation claim requires that the plaintiff have a qualifying disability, and that the employer take certain adverse actions based on that disability, such as failing to make a reasonable accommodation that does not impose an undue hardship on the employer. ORS 659A.104, 659A.112. To prevail on her Oregon Family Leave Act claim, Plaintiff must show her employer retaliated or discriminated against her for requesting or invoking leave protected by the Act. ORS 659A.183. An employee may bring a wrongful discharge claim when the discharge is (1) "for exercising a job-related right that reflects an important public policy" or (2) "for fulfilling some important public duty." *Babick v. Or. Arena Corp.*, 333 Or. 401, 407 (2002). The discharge must be causally connected to the right or duty and alternative remedies must fail to address the relevant public interest. *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1051 (9th Cir. 2012); *Walsh v. Consol. Freightways, Inc.*, 278 Or. 347, 352 (1977).

The elements of these claims do not rest on any challenge under the CBA. Defendant argues that these claims implicate Articles 12 ("Discipline and Discharge") and 14 ("Grievance and Arbitration Procedure") of the CBA. These Articles reference procedures for termination and grievances. Schulze Decl. Exs. 1(a) and 1(b) Arts. 12, 14. They do not contain anti-discrimination or anti-retaliation provisions. *Id.*

Plaintiff's factual allegations do not hinge on a determination to be made by ERB either. In her claim under the Oregon Rehabilitation Act, Plaintiff alleges that Defendant failed to reasonably accommodate Plaintiff's disability and retaliated against her by subjecting her to adverse treatment and retaliation. Compl. ¶ 83. Plaintiff also alleges that the reasons she was discharged were pretextual and false. Compl. ¶ 84. In her Oregon Family Leave Act claim, Plaintiff alleges that Defendant retaliated against her for taking medical leave by taking adverse actions toward her including terminating her employment. Compl. ¶ 119. Plaintiff makes similar allegations in her wrongful termination claim, stating that Defendant ended her employment in retaliation for her assertion of protected rights. Compl. ¶ 128.

Defendant argues that Plaintiff's claims implicate other provisions of the CBA. *See, e.g.*, Schulze Decl., Exs. 1(a) and 1(b) Art. 9, "Hours of Work;" Art. 25, "Sick Leave;" Art. 37, "Health and Safety;" Art. 43, "Telework." None of those provisions reference discrimination or retaliation. *Id.* The CBA only prevents discrimination in applying the provisions of the CBA to the bargaining unit. *Id.* Art. 3. Although the grievance filed on behalf of Plaintiff under the CBA challenges her termination for "just cause"[1] and the "progressive discipline process," her state

---

[1] The Court takes judicial notice of the definition of "just cause" listed on website for Plaintiff's Union because it is not subject to reasonable dispute. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *Just Cause*, SEIU LOCAL 503, https://seiu503.org/contract-benefits/my-rights-at-work/just-cause/ [https://perma.cc/7NU6-WQTK].

law claims stand apart from the CBA; she alleges independent conduct of Defendant without implicating the CBA or its progressive discipline procedures. Her claims do not depend, as a predicate or in their entirety, on any determination to be made by ERB.

### 2. Plaintiff's Federal Claims

Federal courts have declined to exercise jurisdiction over federal claims that implicate a state law determination within the jurisdiction of ERB. *See, e.g.*, *Nelson-Baca v. Oregon*, No. 3:18-cv-00300, 2021 WL 3702486, at *11 (D. Or. Apr. 21, 2021) (reasoning that court could not hear plaintiff's due process claim because it required deciding the plaintiff's employment classification status—a determination that ERB would make), *adopted by* 2021 WL 2711466 (D. Or. July 1, 2021); *Miller v. Or. Racing Comm'n*, No. 3:15-cv-00300, 2016 WL 4150030, at *8-9 (D. Or. Aug. 2, 2016) (abstaining from hearing a due process claim in part because it depended on a requisite "state-law job-classification that Oregon has determined should be addressed by the ERB").

Plaintiff's federal claims here do not depend on any similar requisite determination. She alleges violations of the ADA and FMLA. Her ADA claim is premised on Defendant's alleged retaliation against her for pursuing her rights under the ADA. Compl. ¶ 68. Her FMLA claim is similarly premised on Defendant's alleged adverse responses to her medical leave. Compl. ¶¶ 104-05. Unlike the claims in *Nelson-Baca* and *Miller*, Plaintiff's complaint does not raise any state-law determination reserved to ERB to hear Plaintiff's claims. Defendant relies on topical similarity between Plaintiff's claims and Articles in the CBA. Topical similarity with a CBA, however, is distinct from structural or factual dependence on a state-law question within ERB's exclusive jurisdiction. The Court declines to abstain from exercising federal question jurisdiction over Plaintiff's ADA and FMLA claims on the face of the complaint.

**II.    Whether Plaintiff's Tort Claim Notice Was Timely**

Oregon law requires that a plaintiff bringing state law claims against a public body give notice of their claim within 180 days of the alleged loss or injury. ORS 30.275(1)-(2). Failure to properly plead notice bars jurisdiction over claims against a public body. *Comcast of Oregon II, Inc. v. City of Eugene*, 211 Or. App. 573, 580 (2007) (citing *Johnson v. Smith*, 24 Or. App. 621, 626 (1976)). The 180-day notice period begins when the plaintiff is aware of the harm, its causation, and the tortious conduct. *Dunn v. City of Milwaukie*, 270 Or. App. 478, 488 (2015). If a plaintiff's harm is immediately identifiable, the fact that they do not know its full extent will not delay the running of the notice period. *Id.* "[W]hether a plaintiff knew or should have known the elements of a legally cognizable claim, including the tortious nature of a defendant's act, is generally a question of fact determined by an objective standard . . . ." *Doe 1 v. Lake Oswego Sch. Dist.*, 353 Or. 321, 332 (2013). At the motion to dismiss stage, a plaintiff need only "allege facts they must prove." *Id.* at 335.

Plaintiff sent a tort claims notice to Defendant on November 12, 2024. Compl. ¶ 4.c. Defendant argues that Plaintiff's notice is untimely because she emailed her union on November 30, 2023, writing that Defendant subjected her to a hostile work environment. Schulze Decl. Ex 9. In that email, she wrote that she needed to continue "submitting harassment, hostile work environment against my supervisor" seemingly in response to being placed on administrative leave. *Id.* Defendant argues Plaintiff knew of the harm, its cause, and the tortious conduct underlying her claims, at the latest, at the time of that email. Although Plaintiff alleges several earlier acts constituting a hostile workplace, her complaint centers on allegations of discrimination and retaliation based on disability, culminating in her termination on May 17,

Page 9 — OPINION AND ORDER

2024. Plaintiff's complaint contains sufficient allegations of fact to support the timeliness of her tort claim notice. Whether she adequately supports those allegations is not before the Court.

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 10) is DENIED.

DATED this 6th day of October 2025.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (he/him)<br>
United States District Judge